**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2020-0042, <u>Christopher Willott v. State of New Hampshire, Department of Health and Human Services, Division for Children, Youth and Families</u>, the court on November 12, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). This interlocutory appeal is from a ruling of the Superior Court (<u>Anderson</u>, J.), see <u>Sup. Ct. R.</u> 8, dismissing several survival claims sounding in tort brought on behalf of a deceased minor against the New Hampshire Division for Children, Youth and Families (DCYF). The trial court found the claims time-barred under RSA 541-B:14, IV (Supp. 2019), rejecting arguments that they were subject to the minor tolling provision of RSA 508:8 (2010), the limitations period of RSA 556:11 (2019), or the discovery rule of RSA 508:4, I (2010). The trial court observed that the plaintiff had "failed to cite any supreme court opinions actually applying any tolling provision to RSA 541-B:14 in the thirty-plus years since" we issued <u>Opinion of the Justices</u>, 126 N.H. 554 (1985).

In <u>Petition of N.H. Div. for Children, Youth & Families</u>, 173 N.H. ___ (decided September 30, 2020) (<u>DCYF</u>), however, we recently held that the discovery rule of RSA 508:4, I, applies to claims brought under RSA 541-B:14, IV. We reasoned in part that RSA 508:1 (2010) bars application of the provisions of RSA chapter 508 only when the claim at issue is subject to a limitations provision that conflicts with RSA chapter 508, and that RSA 541-B:14, IV and RSA 508:4, I, which contain identical time limitations, are not in conflict. <u>DCYF</u>, 173 N.H. at ___ (slip op. at 4-5). We further reasoned that the legislature's failure to state expressly that the discovery rule does not apply to RSA 541-B:14, IV reflected its understanding that, following <u>Opinion of the Justices</u>, the discovery rule does apply to claims brought under RSA 541-B:14, IV. <u>Id</u>. at ___ (slip op. at 5-6). Because the trial court did not have the benefit of <u>DCYF</u> when it granted DCYF's motion to dismiss, we vacate and remand so that it may consider, in the first instance, the impact, if any, of <u>DCYF</u> upon its analysis of RSA 541-B:14, IV as it relates to the claims at issue in this case.

<u>Vacated and remanded</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**